# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RODNEY L. MITCHAEL                                                                        PETITIONER

v.                                        NO. 5:10CV00371 JMM/HDY

RAY HOBBS, Director of the                                                                RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. The record reflects that in 2006, a Crawford County, Arkansas, Circuit Court jury convicted petitioner Rodney L. Mitchael ("Mitchael") of rape and first degree terroristic threatening. He was sentenced to fifty-five years imprisonment for rape and ten years imprisonment for first degree terroristic threatening, the terms of imprisonment to be served consecutively.

Mitchael appealed his convictions to the Arkansas Court of Appeals. His appellate attorney filed a no-merit brief, and Mitchael failed to submit a timely pro se brief. The state Court of Appeals found no reversible error and affirmed his convictions. See Mitchael v. State, 2008 WL 142577 (Ark.App. January 16, 2008).[1] He then filed a pro se petition for rehearing with the state Court of Appeals. The petition was denied on February 20, 2008, and the state appellate court issued a mandate later that same day.

---

[1]

The state Court of Appeals found, in part, the following:

> … Pursuant to Anders v. California, 386 U.S. 738 … (1967), and Rule 43(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on grounds that the appeal is without merit. This motion is accompanied by an abstract and brief referring to everything in the record that might arguably support an appeal and explaining why each adverse ruling in this case is not a meritorious ground for reversal. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file a pro se statement of points for reversal within thirty days. Appellant did not file a statement. After examining the adverse rulings addressed by counsel, we hold that counsel has complied with Rule 43(j) and that the appeal is without merit. Accordingly, counsel's motion to be relieved is granted and the judgments of convictions are affirmed.

See Mitchael v. State, 2008 WL 142577 at 1.

On April 24, 2008, Mitchael filed a trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37.[2] The petition was denied on May 2, 2008, because it was not timely, <u>see</u> Document 11, Exhibit H, and he attempted to appeal. The Arkansas Supreme Court rejected his appeal on October 22, 2009, because the appeal was not timely and because his petition was neither verified nor notarized.[3]

---

[2] In the petition, he advanced the following claims: (1) a detective failed to advise Mitchael of his <u>Miranda</u> rights and used deceptive tactics to obtain a statement from him; (2) a photographic line-up was unnecessarily suggestive because he was shown in jail clothes and handcuffs; (3) his trial attorneys provided inadequate representation because they failed to file a motion to suppress his statement and the photographic line-up; (4) his attorneys provided inadequate representation because they failed to conduct a proper pre-trial investigation, did not seek an evaluation of his mental status, and offered no evidence in mitigation; (5) Mitchael was denied a fair trial for the following reasons: (a) he was prevented from presenting an adequate defense, (b) the evidence supporting his convictions is insufficient, (c) the victim was allowed to stay in the courtroom prior to giving testimony, (d) witnesses were not sequestered, (e) the trial judge expressed biased at several points during the trial and sentencing, and (f) the jury was allowed to consider irrelevant evidence; (6) the prosecutor overcharged Mitchael, withheld scientific evidence, and made inflammatory statements; and (7) his sentence is illegal. <u>See</u> Document 11, Exhibit G.

[3] The state Supreme Court specifically found, in part, the following:

… The partial record before us does not indicate that a timely notice of appeal was filed in the trial court. [Mitchael] has now filed in this court a motion in which he seeks to proceed with an appeal of the order denying postconviction relief.

… [Mitchael] does not … provide any reason for his failure to timely file a notice of appeal or otherwise comply with our rules of procedure for perfecting an appeal. …

In addition, it is clear that petitioner could not be successful in any appeal of the order denying postconviction relief. … The trial court dismissed the petition as not timely filed under Arkansas Rule of Criminal Procedure 37.2(c) … Regardless as to the merits of petitioner's claims concerning that issue, the petition also failed to comply with Rule 37.1(c).

[Mitchael] did not verify the petition. … Here, the petition was not notarized and no affidavit was attached. … Because the trial court properly dismissed the petition for postconviction relief, we deny petitioner's motion for belated appeal.

<u>See</u> <u>Mitchael v. State</u>, 2009 WL 3400509 at 1 (Ark. October 22, 2009).

On January 8, 2010, Mitchael filed a petition for writ of habeas corpus in Lee County, Arkansas, Circuit Court.[4] The petition was subsequently denied because it presented no reason for undermining his convictions, see Document 11, Exhibit K, and he attempted to appeal. The state Supreme Court rejected his appeal on October 7, 2010, on a procedural ground.[5]

---

[4] In the petition, he maintained that a detective failed to advise Mitchael of his Miranda rights and used deceptive tactics to obtain a statement from him. See Document 11, Exhibit J.

[5] The state Supreme Court specifically found, in part, the following:

> [Mitchael] has now lodged an appeal in this court of an order in Lee County Circuit Court that denied a pro se petition for a writ of habeas corpus. He has filed a motion for an extension of time in which to file his brief. We dismiss the appeal, and the motion is therefore moot.
>
> Although the order appealed references a petition for writ of habeas corpus, the only pleading contained in the record, that is, the one that is listed in the table of contents as the petition for writ of habeas corpus, is devoid of any reference to a writ of habeas corpus and makes no request for the writ. …
>
> On the day the record was filed in this court, [Mitchael] tendered a file-marked copy of a petition for habeas relief that was filed in the circuit court. That petition contained the same allegations as the pleading in the record inserted into a form document that does include a prayer requesting habeas relief. [Footnote omitted]. One of our staff attorneys advised [Mitchael] of the need to file a motion to supplement the record, should he desire to have included in the record the copy of the petition that he had tendered. As stated, the record does not contain a copy of a petition for writ of habeas corpus, and, more than three months later, [Mitchael] has not filed a motion to supplement the record with the tendered habeas petition. Without a record sufficient to show error, this court has no choice but to affirm the denial of the petition. …
>
> An appeal from an order that denied a petition for a postconviction relief, including a petition for writ of habeas corpus, will not be permitted to go forward where it is clear that the appellant could not prevail. … Because the record is deficient, it is clear that [Mitchael] cannot prevail. We therefore dismiss the appeal, and [Mitchael's] motion for an extension of time to file his brief is moot. [Footnote omitted].

See Mitchael v. State, 2010 WL 3921249 at 1 (Ark. October 7, 2010).

FEDERAL COURT PROCEEDINGS. On December 3, 2010, Mitchael signed his petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition was mailed to the Clerk of the Court for the United States District Court for the Eastern District of Arkansas, and the petition was filed on December 27, 2010. In his petition, he advanced the following claims: (1) his right to due process was violated when he failed to receive a Miranda warning; (2) he failed to receive adequate representation at trial and on appeal; (3) a photographic line-up was unnecessarily suggestive; (4) the state trial court judge abused his discretion in failing to sequester the witnesses and in imposing consecutive sentences; and (5) the evidence supporting Mitchael's convictions is insufficient as he is actually innocent of rape.

Respondent Ray Hobbs ("Hobbs") thereafter filed a response to the petition. He maintained that it should be dismissed for the following reasons: 1) it is time barred; 2) Mitchael's claims, save his claims involving the sufficiency of the evidence and his sentencing, are procedurally barred from federal court review; and 3) his claims involving the sufficiency of the evidence and his sentencing are without merit.

Mitchael thereafter filed a reply. He maintained that his attorneys abandon him after his convictions and left him without a transcript to assist him in filing a timely pro se brief on direct appeal and a timely petition for post-conviction relief, all of which prevented the claims at bar from being properly presented to the state appellate courts. He additionally maintained that he is actually innocent of rape.

The undersigned has now thoroughly examined the parties' pleadings and exhibits. On the basis of that examination, the undersigned finds that Mitchael's petition should be dismissed and all requested relief denied.

LIMITATIONS. A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he fails to file it within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events that trigger the beginning of the one year period, which in this instance was undoubtedly the "expiration of the time for seeking [direct review]." See 28 U.S.C. 2244(d)(1)(A). 28 U.S.C. 2244(d) also provides for the tolling of the one year period for the time during which a "properly filed" petition for post-conviction relief or other collateral review is pending. See 28 U.S.C. 2244(d)(2).

The application of 28 U.S.C. 2244(d) to the state court proceedings outlined above requires the undersigned to first determine when the time for seeking direct review expired and the one year period commenced. For purposes of this Recommendation, the undersigned finds that the time for seeking direct review expired, and the one year period commenced, with the expiration of the ninety day period for filing a petition for writ of certiorari with the United States Supreme Court, or on May 20, 2008, which is ninety days after the state Court of Appeals issued the February 20, 2008, mandate in Mitchael's direct appeal.[6]

---

[6] It can be difficult to determine when the time for seeking direct review expired. See Parmley v. Norris, 586 F.3d 1066 (8th Cir. 2009); Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008), abrogating a portion of Nichols v. Bowersox, 172 F.3d 1068 (1999). For the sake of simplicity, the undersigned will accord Mitchael the ninety day period during which he could have filed a petition for writ of certiorari.

Was the one year period tolled for any reason during the pendency of Mitchael's attempts to obtain post-conviction relief? The undersigned thinks not.

The one year period commenced on May 21, 2008, or during the period in which Mitchael was attempting to appeal the denial of his petition for post-conviction relief. There is nothing about the petition, its denial by the state trial court judge, or its rejection by the state Supreme Court that tolled the one year period. The state trial court judge denied the petition because it was not timely. The state appellate court affirmed the denial of the petition for that reason and for the additional reasons that the petition was neither verified nor notarized. Mitchael's petition was not "properly filed" for the simple reason that it did not meet "all the state's procedural requirements." See Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002).

The undersigned finds that Mitchael's convictions became final on May 20, 2008, and the one year period commenced on the following day, or May 21, 2008. He therefore had one year from that date, or up to, and including, May 20, 2009, to file a petition pursuant to 28 U.S.C. 2254. The record reflects that he signed the petition at bar on December 3, 2010, and the Clerk of the Court filed the petition on December 27, 2010. He clearly did not file the petition within the one year period, and it should be dismissed unless he can show some justification for tolling the one year period.[7]

---

[7] There is nothing about Mitchael's state habeas corpus petition, its denial by the state trial court judge, or its rejection by the state Supreme Court that tolled the one year period. The state habeas corpus petition was not filed until January 8, 2010, or well after the expiration of the one year period.

The undersigned has examined Mitchael's submissions. Liberally construing them, he appears to advance three justifications for tolling the one year period. First, he maintains that his attorneys abandoned him after his convictions. Accepting his representation as true, the undersigned notes that "[i]neffective assistance of counsel generally does not warrant equitable tolling." See Beery v. Ault, 312 F.3d at 951. Instead, something more is required, such as an affirmative misrepresentation by counsel that lulled a petitioner into inaction. See Id. Mitchael makes no such assertion.

Second, Mitchael maintains that he was left without a transcript to assist him in filing a timely pro se brief on direct appeal and a timely post-conviction petition. Accepting his representation as true, it is not the type of extraordinary circumstance envisioned by the courts.[8] It is likely that most petitioners lack a transcript as it is usually in the possession of the appellate attorney. In this particular instance, the lack of a transcript did not prevent Mitchael from filing a petition for post-conviction relief. He filed such a petition; he simply waited too long to file it.

---

[8]

In Earl v. Fabian, 556 F.3d 717, 722 (8th Cir. 2009), the Court of Appeals offered the following with regard to equitable tolling:

> In this circuit, "equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing of a petition" or where the "conduct of the defendant has lulled the plaintiff into inaction." Gassler v. Bruton, 255 F.3d 492, 495 (8th Cir.2001) ... The use of equitable procedures "to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Flanders v. Graves, 299 F.3d 974, 976 (8th Cir.2002) ... We will decline to apply the doctrine of equitable tolling if a habeas petitioner has not diligently pursued his rights. Finch v. Miller, 491 F.3d 424, 427 (8th Cir.2007).

Third, Mitchael maintains that he is actually innocent of rape. Assuming, without deciding, that actual innocence will excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, he has failed to come forward with "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). Thus, his assertion has no merit.

In conclusion, the undersigned finds that Mitchael filed the petition at bar after the expiration of the one year period. Because he has offered no justification for tolling that period, his petition is barred by limitations and should be dismissed for that reason.

RECOMMENDATION. The undersigned recommends that Mitchael's petition be dismissed because it is barred by limitations. All requested relief should be denied, a certificate of appealability should be denied, and judgment should be entered for Hobbs.

DATED this ___11___ day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE